1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   GAMETEK LLC,                    )    Civil No. 12cv0499 BEN(RBB)
                                      )
12        Plaintiff,                  )    **AMENDED** CASE MANAGEMENT
                                      )    CONFERENCE ORDER REGULATING
13   v.                               )    DISCOVERY AND OTHER PRETRIAL
                                      )    PROCEEDINGS [AMENDING ¶ 9(b)
14   GAMEVIEW STUDIOS, LLC,           )    (Rule 16, Fed.R.Civ.P.) (Local
                                      )    Rule 1)
15        Defendants.                 )
     _____)
16   GAMEVIEW STUDIOS, LLC,           )
                                      )
17        Counter-claimant,           )
                                      )
18   v.                               )
                                      )
19   GAMETEK LLC,                     )
                                      )
20        Counter-defendant.          )
     _____)
21

22        Pursuant to Rule 16 of the Federal Rules of Civil Procedure,

23   and after previously consulting with the attorneys of record for

24   the parties and being advised of the status of the case, and good

25   cause appearing, IT IS HEREBY ORDERED:

26

27

28

                                    1

1.   **Motions to Amend.**   Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before <u>December 10, 2012</u>.

2.   **Disclosure of Asserted Claims and Preliminary Infringement Contentions.**   On or before <u>July 26, 2012</u>, Plaintiff shall serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" must contain the following information:

a.   Each claim of each patent in the suit that is allegedly infringed by each opposing party;

b.   Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

c.   A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that the party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

12cv0499 BEN(RBB)

        d.    Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

        e.    For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

        f.    If a party claiming patent infringement asserts that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each  apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

        3.    **Document Production Accompanying Disclosure.**  With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party, or make available for inspection and copying, the following documents in the possession, custody and/or control of that party:

        a.    Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit.  A party's production of a document as required herein does not constitute an admission that the document evidences or is prior art under 35 U.S.C. §102;

                                    3                        12cv0499 BEN(RBB)

1          b.   All documents evidencing the conception, reduction

2    to practice, design, and development of each claimed invention,

3    which were created on or before the date of application for the

4    patent in suit or the priority date identified pursuant to P.L.R.

5    3.1(e), whichever is earlier; and

6          c.   A copy of the file history for each patent in suit.

7        The producing party must separately identify by production

8    number which documents correspond to each category.

9        The party claiming patent infringement is required to use its

10   best efforts to obtain the documents to make a timely disclosure if

11   the documents identified above are not in the possession, custody

12   and/or control of that party.

13       4.   **Preliminary Invalidity Contentions.**  On or before

14   September 10, 2012, Defendant(s) shall serve on all parties

15   "Preliminary Invalidity Contentions," which must contain the

16   following information:

17          a.   The identity of each item of prior art that

18   allegedly anticipates each asserted claim or renders it obvious.

19   Each prior art patent must be identified by its number, country of

20   origin, and date of issue.  Each prior art publication must be

21   identified by its title, date of publication, and where feasible,

22   author and publisher.  Prior art under 35 U.S.C. § 102(b) must be

23   identified by specifying the item offered for sale or publicly used

24   or known, the date the offer or use took place or the information

25   became known, and the identity of the person or entity which made

26   the use or which made and received the offer, or the person or

27   entity which made the information known or to whom it was made

28   known.  Prior art under 35 U.S.C. § 102(f) must be identified by

4

1    providing the name of the person(s) from whom and the circumstances
2    under which the invention or any part of it was derived.   Prior art
3    under 35 U.S.C. § 102(g) must be identified by providing the
4    identities of the person(s) or entities involved in and the
5    circumstances surrounding making the invention before the patent
6    applicant(s);

7          b.   Whether each item of prior art anticipates each
8    asserted claim or renders it obvious. If a combination of items of
9    prior art makes a claim obvious, each combination and the
10   motivation to combine the items, must be identified;

11         c.   A chart identifying where specifically in each
12   alleged item of prior art each element of each asserted claim is
13   found, including for each element that the party contends is
14   governed by 35 U.S.C. § 112(6), the identity of the structure(s),
15   act(s), or material(s) in each item of prior art that performs the
16   claimed function; and

17         d.   Any grounds of invalidity based on indefiniteness
18   under 35 U.S.C. § 112(1) of any of the asserted claims.

19      5.   **Document Production Accompanying Preliminary Invalidity**
20   **Contentions.**   With the "Preliminary Invalidity Contentions," the
21   party opposing a claim of patent infringement must produce or make
22   available for inspection and copying:

23         a.   Source code, specifications, schematics, flow
24   charts, artwork, formulas, or other documentation sufficient to
25   show the operation of any aspects or elements of any Accused
26   Instrumentality identified by the patent claimant in the
27   "Disclosure of Asserted Claims and Preliminary Infringement
28   Contentions;"

b.   A copy of each item of prior art identified in the Preliminary Invalidity Contentions, which does not appear in the file history of the patent(s) at issue.  To the extent any item is not in English, an English translation of the portion(s) relied upon must be produced.

6.   **Exchange of Proposed Claim Constructions and Extrinsic Evidence.**

a.   On or before <u>October 1, 2012</u>, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties have identified for claim construction purposes.  Each "Preliminary Claim Construction" will also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

b.   At the same time the parties exchange their respective "Preliminary Claim Constructions," they must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions.  The parties must identify each item of extrinsic evidence by production number or produce a copy of any item not previously produced.  With respect to any witness, percipient or expert, the parties must also provide a brief description of the substance of that witness' proposed testimony.

c.   On or before <u>October 22, 2012</u>, the parties shall simultaneously exchange "Responsive Claim Constructions" identifying whether the responding party agrees with the other

party's proposed construction, or identify an alternate

construction in the responding party's preliminary construction, or

set forth the responding party's alternate construction.

　　　　d.　At the same time the parties exchange their

respective "Responsive Claim Constructions," they must also provide

a preliminary identification of extrinsic evidence, including

without limitation, dictionary definitions, citations to learned

treatises and prior art, and testimony of percipient and expert

witnesses they contend support any responsive claim constructions.

The parties must identify each item of extrinsic evidence by

production number or produce a copy of any item not previously

produced.　With respect to any witness, percipient or expert, the

parties must also provide a brief description of the substance of

that witness' proposed testimony.

　　　　e.　The parties must thereafter meet and confer for the

purposes of narrowing the issues and finalizing preparation of a

Joint Claim Construction Chart, Joint Claim Construction Worksheet

and Joint Hearing Statement.

　　7.　**Joint Claim Construction Chart, Worksheet and Hearing**

**Statement.**　On or before <u>November 5, 2012</u>, the parties shall

complete and file a Joint Claim Construction Chart, Joint Claim

Construction Worksheet and Joint Hearing Statement.

　　　　a.　The Joint Claim Construction Chart must have a

column listing complete language of disputed claims with the

disputed terms in bold type and separate columns for each party's

proposed construction of each disputed term.　Each party's proposed

construction of each disputed claim term, phrase, or clause, must

identify all references from the specification or prosecution

history that support that construction and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

b.    The parties Joint Claim Construction Worksheet must be in the format set forth in Appendix A and include any proposed constructions to which the parties agree, as well as those in dispute.  The parties must jointly submit the Joint Claim Construction Worksheet on computer disk in both Word and Wordperfect format or in any other format the Court may direct.

c.    The Joint Hearing Statement must include:

1.    The anticipated length of time necessary for the Claim Construction Hearing; and

2.    Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

d.    At the Court's discretion, within 5 calendar days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement, the Court will schedule and hold a status conference with the parties, in person or by telephone, to discuss the schedule, witnesses and any other matters regarding the Claim Construction Hearing.

8.   **Completion of Claim Construction Discovery.**   The parties shall complete all discovery, including any depositions of any witnesses, including experts, the parties intend to use in the Claim Construction Hearing by <u>December 31, 2012</u>.  An expert witness identified in a party's Joint Hearing Statement may be deposed on claim construction issues.  The identification of an expert in the Joint Hearing Statement may be deemed good cause for a separate deposition on all substantive issues.

9.   **Claim Construction Briefs.**

a.   On or before <u>January 14, 2013</u>, the parties shall simultaneously file and serve opening briefs and any evidence supporting their claim construction.

**b.   On or before <u>January 28, 2013,</u> the parties shall simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.**

10.   **Claim Construction Hearing.**   On <u>February 21, 2013, at 9:00 a.m.</u>, subject to the convenience of the Court's calendar, the Honorable Roger T. Benitez will conduct a Claim Construction Hearing, to the extent the Court believe a hearing is necessary for construction of the claims at issue.

11.   **Final Contentions.**   Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" will be deemed to be that party's final contentions, except as set forth below.

a.   If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires,

not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of Court that amend its "Preliminary Infringement Contentions."

b.   Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of Court that amend its "Preliminary Invalidity Contentions" if:  i) a party claiming patent infringement has served "Final Infringement Contentions," or ii) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

12.   **Amendment to Contentions.**  Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in the section above, may be made only by order of the Court, which will be entered only upon a showing of good cause.

13.   **Expert Witnesses.**  On or before April 22, 2013, all parties shall exchange a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before May 13, 2013, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

14.   Each expert witness designated by a party shall prepare a written report to be provided to all other parties no later than June 10, 2013, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).   A written report is not required from a witness giving testimony as a percipient expert.

**Except as provided in paragraph 15, below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.   In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.   37(c).**

15.   Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Supplemental reports are due on or before July 1, 2013.

16.   All fact discovery shall be completed on or before June 24, 2013.   All expert discovery shall be completed on or before August 26, 2013.

"*Completed*" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for service, notice, response, and any corresponding discovery motions, as set forth in the Federal Rules of Civil Procedure.   All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.

1  Counsel shall meet and confer pursuant to the requirements of Fed.

2  R. Civ. P. 26 and Local Rule 26.1(a).

3       17.  All motions, other than motions to amend or join parties,

4  or motions in limine, shall be filed on or before <u>September 23,</u>

5  <u>2013</u>.

6       Motions will not be heard or calendared unless counsel for the

7  moving party has obtained a motion hearing date from the law clerk

8  of the judge who will hear the motion.  **Be advised that the parties**

9  **must file their moving papers within three (3) days of receiving**

10  **the motion hearing date from the Court.  Be further advised that**

11  **the period of time between the date you request a motion date and**

12  **the hearing date may be up to six weeks.  Please plan accordingly.**

13  For example, you may need to contact the judge's law clerk at least

14  six weeks in advance of the motion cut-off to calendar the motion.

15  Failure of counsel to timely request a motion date may result in

16  the motion not being heard.  **Motions will not be heard on the above**

17  **date unless you have obtained that date in advance from the judge's**

18  **law clerk.**

19       Briefs or memoranda in support of or in opposition to any

20  pending motion shall not exceed twenty-five (25) pages in length

21  without permission of the judge or magistrate judge who will hear

22  the motion.  No reply memorandum shall exceed ten (10) pages

23  without leave of the judge or magistrate judge who will hear the

24  motion.

25       18.  Further settlement conferences shall be held at

26  appropriate intervals during the course of the litigation in the

27  chambers of Judge Ruben B. Brooks.  A mandatory settlement

28

1  conference date will be set at one of the scheduled settlement
2  conferences.

3      All parties, claims adjusters for insured Defendants and non-
4  lawyer representatives with complete authority to enter into a
5  binding settlement, as well as the principal attorneys responsible
6  for the litigation, must be present and legally and factually
7  prepared to discuss and resolve the case at the mandatory
8  settlement conference and at all settlement conferences.  Retained
9  outside corporate counsel shall not appear on behalf of a
10 corporation as the party representative who has the authority to
11 negotiate and enter into a settlement.  Failure to attend or obtain
12 proper excuse will be considered grounds for sanctions.

13     **Confidential written settlement statements for the mandatory**
14 **settlement conference shall be lodged directly in the chambers of**
15 **Judge Brooks no later than five court days before the mandatory**
16 **settlement conference.**  The statements need not be filed with the
17 Clerk of the Court or served on opposing counsel.  The statements
18 will not become part of the court file and will be returned at the
19 end of the conference upon request.  Written statements may be
20 lodged with Judge Brooks either by mail or in person.

21     Any statement submitted should avoid arguing the case.
22 Instead, the statement should include a neutral factual statement
23 of the case, identify controlling legal issues, and concisely set
24 out issues of liability and damages, including any settlement
25 demands and offers to date and address special and general damages
26 where applicable.

27     If appropriate, the Court will consider the use of other
28 alternative dispute resolution techniques.

19.   Counsel shall serve on each other and file with the Clerk of the Court their memoranda of contentions of fact and law in compliance with Local Rule 16.1(f)(2) on or before <u>December 23, 2013</u>.  On or before this date, all parties or their counsel shall also fully comply with the pretrial disclosure requirements of rule 26(a)(3) of the Federal Rules of Civil Procedure.

20.   Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before <u>December 30, 2013</u>.  A personal meeting between an incarcerated Plaintiff, acting in pro per, and defense counsel is not required.

At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify and written contentions of applicable facts and law. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

21.   The proposed final pretrial conference order, including objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served and lodged with the Clerk of the Court on or before <u>January 13, 2014</u>, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

22.   The final pretrial conference shall be held before the Honorable Roger T. Benitez on <u>January 21, 2014, at 10:30 a.m.</u>

1      23.   The dates and times set forth herein will not be

2  modified except for good cause shown.

3      24.   Plaintiff's(s') counsel shall serve a copy of this order

4  on all parties that enter this case hereafter.

5      IT IS SO ORDERED.

6

7  DATED:  July 18, 2012

8                                    Ruben B. Brooks, Magistrate Judge
                                     United States District Court

9  cc:
   Judge Benitez
10 All Parties of Record

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28