John J. Edmonds (State Bar No. 274200)
jedmonds@cepiplaw.com
Stephen F. Schlather (*pro hac vice*)
schlather@cepiplaw.com
Johnathan K. Yazani (*pro hac vice*)
jyazdani@cepiplaw.com
**COLLINS EDMONDS POGORZELSKI**
**SCHLATHER & TOWER, PLLC**
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone: (951) 708-1237
Facsimile: (951) 824-7901

Attorneys for Plaintiff,
**GAMETEK LLC**

Sasha G. Rao (CSB # 244303)
*sasha.rao@ropesgray.com*
Brandon H. Stroy (*pro hac vice*)
*Brandon.stroy@ropesgray.com*
Daniel T. Keese (CSB # 280683)
*daniel.keese@ropesgray.com*
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, California 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

Hiroyuki Hagiwara (*pro hac vice*)
*Hiroyuki.hagiwara@ropesgray.com*
Han Xu (*pro hac vice*)
*han.xu@ropesgray.com*
**ROPES & GRAY LLP**
Yusen Building 2F
2-3-2 Marunouchi, Chiyoda-ku
Tokyo 100-0005, Japan
Phone:        +81-3-6259-3500
Facsimile: +81-3-6259-3501

Attorneys for Defendant
**GAMEVIEW STUDIOS, LLC**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GAMETEK LLC, | ) CASE NO. 12-CV499-BEN(RBB) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **PROTECTIVE ORDER** |
| GAMEVIEW STUDIOS LLC., | ) |
| Defendants. | ) |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes

(including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

## PROSECUTION BAR

4. Any Confidential Information is automatically subject to a prosecution bar. Any person who reviews or otherwise learns the contents of Confidential Information produced by another party may not participate, directly or indirectly, in the prosecution of any patent claims on behalf of any party, whether party to this action or not (other than on behalf of the party who produced the Confidential Information at issue), claiming the subject matter disclosed in U.S. Patent No. 7,076,445 from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against the party or parties whose Confidential Information was received or reviewed. These prohibitions are not intended to and shall not preclude counsel from advising on prior art in reexamination proceedings of any patent, but such counsel may not participate directly or indirectly in amending or adding claims in any reexamination or reissue proceedings on behalf of a patentee.

## GENERAL RULES

5. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL–FOR COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(a) Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

(b) Designation as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

(c) Designation as "HIGHLY CONFIDENTIAL – SOURCE CODE": Any party may designate information as "HIGHLY CONFIDENTIAL – SOURCE CODE" only if, in the good faith belief of such party and its counsel, the information is among that considered to be representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced for inspection will be treated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies

of those materials that contain Confidential Information with the appropriate confidentiality marking.

7. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

(a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the final deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE;"

(b) the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

(c) the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

8. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9. Information designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, an executed copy of the form attached hereto as Exhibit A, a list of cases in which the expert has testified at deposition of trial within the last four (4) years. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

10. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 9), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a) Executives who are required to participate in policy decisions with reference to this action;

(b) In-house counsel of the parties who are actively involved in policy and legal strategy decisions with reference to this action;

(c) Technical personnel of the parties or their wholly owned subsidiaries with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

(d) Stenographic and clerical employees associated with the individual identified above.

11. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

12. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts and other individuals listed in paragraph 10 authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in respect of this action.

13. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

14. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

15. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. <u>Source Code</u>

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

information and may be disclosed only to the individuals to whom "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information may be disclosed, as set forth in Paragraph 9.

(c) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not

create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

17. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, in accordance with the requirements of the confidentiality designation assigned to the materials by the Producing Party, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  The Producing Party will, to the extent possible, timely provide replacement materials marked with the appropriate confidentiality designation.   Upon receipt of such replacement materials, the Receiving Party will promptly return all unmarked or improperly marked or designated materials to Producing Party, or destroy all paper and electronic copies of such materials in its possession.

19. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

21. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

23. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the Receiving Party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

26. Transmission by facsimile is acceptable for all notification purposes within this order.

27. This Order may be modified by agreement of the parties, subject to approval by the Court.

28. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this _____ day of _____, _____

_____
Judge, United States District Court

- 12 -

PROTECTIVE ORDER                                                                                           Case No. 12-CV-0499 BEN RBB

EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GAMETEK LLC,** | ) Case No.: 3:12-cv-0499-BEN-RBB |
| | ) |
| Plaintiff(s), | ) **AGREEMENT TO BE BOUND** |
| | ) **BY PROTECTIVE ORDER** |
| vs. | ) |
| **GAMEVIEW STUDIOS, LLC** | ) |
| Defendant(s). | ) |
| And related counterclaims. | ) |

I, _____ , declare and say that:

1.  I am employed as _____

 by _____.

2.  I have read the Protective Order entered in GAMETEK LLC v. GAMEVIEW STUDIOS, LLC, Case No. 3:12-cv-0499-BEN-RBB, and have received a copy of the Protective Order.

3.  I promise that I will use any and all "Confidential" or "Confidential - Outside Counsel Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

- 1 -

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**                                    **Case No. 12-CV-0499 BEN RBB**

4.     I promise that I will not disclose or discuss such "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information with anyone other than the persons described in paragraphs 3, 9 and 10 of the Protective Order.

5.     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6.     I understand that any disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____

- 2 -

AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER

Case No. 12-CV-0499 BEN RBB

**CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, that I caused the foregoing **PROTECTIVE ORDER** to be served on:

>John J. Edmonds
>COLLINS EDMONDS POGORZELSKI
>SCHLATHER & TOWER, PLLC
>1851 East First Street, Suite 900
>Santa Ana, CA 92705
>jedmonds@cepiplaw.com
>951.708.1237
>
>*Counsel for Gametek LLC*

On September 11, 2012 via ELECTRONIC MAIL.

Executed on   September 11, 2012        By:   /s/ *Sasha G. Rao*
                                              Sasha G. Rao

- 1 -

**CERTIFICATE OF SERVICE**                                    **Case No. 12-CV-0499 BEN RBB**