FILED

12 DEC -4 AM 9: 45

CLERK U S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMETEK LLC,<br><br>               Plaintiff,<br>vs.<br><br>GAMEVIEW STUDIOS, LLC,<br><br>               Defendant. | CASE NO. 12-CV-00499 BEN (RBB)<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>[Docket No. 21] |

Presently before the Court is Defendant Gameview Studios, LLC's Motion to Transfer Venue to the United States District Court for the Northern District of California. (Docket No. 21.) For the reasons stated below, the Motion to Transfer Venue is **GRANTED**.

## BACKGROUND

Gameview Studios, LLC ("Gameview") is a Delaware corporation, which has a single office in the United States in Mountain View, California. GameTek, LLC ("GameTek") is a limited liability company with its sole office in Newport Beach, California. GameTek filed a Complaint against Gameview on February 28, 2012, alleging infringement of U.S. Patent No. 7,076,445 (the '445 Patent).

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In deciding whether to transfer an action under § 1404(a), a court must determine: (1) whether the transferee district is a

district in which the action "might have been brought," and (2) whether the action should be transferred for purposes of convenience, judicial economy, or in the interest of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

## I. WHERE THE ACTION "MIGHT HAVE BEEN BROUGHT"

To qualify as a district in which the action might have been brought, the transferee court must "(1) be able to exercise personal jurisdiction over the defendants, (2) have subject matter jurisdiction over the claim, and (3) be a proper forum." *Albertson v. Monumental Life Ins. Co.*, No. C-08-05441, 2009 WL 3870301, at *2 (N.D. Cal. Nov. 16, 2009).

First, Gameview has an office in Mountain View, California, and is therefore subject to the jurisdiction of the Northern District of California. Second, district courts have exclusive jurisdiction over patent matters based on 28 U.S.C. § 1338(a). Third, the Northern District of California is a proper venue for this action, as discussed below. *See* 28 U.S.C. § 1391(b)(2) (a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

## II. CONVENIENCE, JUDICIAL ECONOMY, AND THE INTEREST OF JUSTICE

Next, the Court must determine whether the "convenience of the parties and witnesses" and the "interest of justice" compel transferring venue. Factors relevant to that determination include:

> (1) the plaintiff's choice of forum, (2) convenience to the parties, (3) convenience to the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) the feasability of consolidation with and relationship to other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Albertson*, 2009 WL 3870301, at *1 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

### A. Plaintiff's Choice of Forum

GameTek's choice of the Southern District of California as the forum is entitled to deference. However, courts have held that when a plaintiff brings suit in a jurisdiction that is not its location of residence and lacks significant connection to the alleged infringement, the deference is substantially reduced. *See Inherent v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006).

GameTek is not located in the Southern District of California and this forum lacks significant connection to the alleged infringement. Therefore, while there is some deference to be accorded to GameTek's choice of forum, this choice only slightly favors retaining the case in the Southern District of California.

### B.    Convenience to the Witnesses

The convenience to the witnesses favors transfer to the Northern District of California. "To show inconvenience to witnesses, the moving party should state the witnesses' identities, locations, and content and relevance of their testimony." *Meyer Mfg. Co. Ltd. v. Telebrands Corp.*, No. CIV. S–11–3153, 2012 WL 1189765, at *6 (E.D. Cal. Apr. 9, 2012)

Gameview's U.S. headquarters is in the Northern District of California. Those persons within their employ who are most knowledgeable, and the majority of other employees with knowledge, will be located in the Northern District of California. Gameview states in its Motion that it is likely to rely on testimony from its employees "for a variety of topics, including the functionality of the accused products, Gameview's marketing of the accused products, and the relative value of features of the accused products, and the revenue that the accused products generate." (Mot. at 6.)

In addition, Gameview has identified two former employees, Rizwan Virk and Mitch Liu, who "have knowledge about the development, functionality, and marketing of the accused products and are likely to be called as witnesses in this case." (*Id.*; Virk Decl. ¶ 12.) Both of these witnesses reside and are employed in the Northern District of California, and it would be more convenient for them if the case were transferred. (Virk Decl. ¶ 12.) GameTek argues that Gameview has not identified why these potential witnesses are relevant, but Gameview clearly states in its Motion that these two former employees may be required to give testimony because they "have knowledge about the development, functionality, and marketing of the accused products." (Mot. at 6.)

Both parties agree that other relevant witnesses, the inventor of the '445 Patent and the attorneys who prosecuted the '445 Patent, are all located outside of California, and their attendance would be equally inconvenient whether the case was tried in the Southern District or the Northern District of California. Further, GameTek does not argue that any of its own witnesses would be inconvenienced by transfer to the Northern District of California. Instead, it incorrectly argues that

Gameview has not met its burden of showing inconvenience. Indeed, Gameview has met its burden of showing inconvenience to witnesses, and this factor weighs in favor of transfer.

### C. Ease of Access to the Evidence

Ease of access to the evidence favors transfer to the Northern District of California. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotation marks omitted).

Gameview states that its headquarters is located in the Northern District of California and its computers, servers, source code, and other documentation are either located in, or can be most easily accessed from, within the Northern District of California. (Virk Decl. ¶ 8.) Gameview further notes that its interaction with customers, and development of products all occurred in the Northern District of California. (Mot. at 8.)

GameTek argues that because its documents are in Newport Beach, the Southern District of California is more convenient in terms of ease of access to its evidence. Gameview questions the amount of documents that GameTek would present as evidence, and contrasts this with the potentially large amount of evidence to be produced by Gameview. Though it is unclear from these initial contentions the volume of evidence that will be produced by both sides, it does seem clear that the center of gravity of this dispute is where Gameview is located, which is the Northern District of California. Accordingly, ease of access to the evidence weighs in favor of transfer.

### D. Feasibility of Consolidation

Feasibility of consolidation is neutral. GameTek has brought suit against four other defendants in this court, asserting the same patent. GameTek states that the four cases have been "de facto consolidated," as the cases all share the same schedule. GameTek further argues that if the present case were to be transferred, there could be conflicting rulings between the two courts, and would also result in "duplication of judicial efforts relative to the many common issues (e.g., claim construction, infringement and validity) pertinent to the patent-in-suit." (Opp. at 10.)

In response, Gameview argues that even if transfer is denied, there is minimal gain in judicial

efficiency because its accused products were developed and behave independently of any other defendant, so its position is likely to diverge from those of the other defendants. Alternatively, Gameview argues that even if there was judicial inefficiency from granting transfer, there are a number of ways it can be minimized, namely staying proceedings and consolidating through multidistrict litigation under 28 U.S.C. § 1407. Finally, Gameview argues that denying transfer based on ease of consolidation effectively circumvents the purpose of the newly enacted joinder restrictions for patent infringement suits under 35 U.S.C. § 299.

This Court disagrees with GameTek's contention that the cases have been "de facto consolidated," as no determination regarding consolidation has been made; simply having a similar schedule does not amount to "de facto consolidation." Further, this Court agrees that denying transfer based on ease of consolidation would indeed serve to render the new joinder restrictions obsolete. Accordingly, this factor does not support denying transfer.

### E. Local Interest in the Controversy

The local interest in the controversy favors transfer to the Northern District of California. As stated earlier, Gameview is located in the Northern District of California, and GameTek is located in the Central District of California. As neither party is located in the Southern District of California and Gameview is located in the Northern District of California, this factor favors transfer.

### F. Remaining Factors Are Neutral

The remaining factors—convenience to the parties, familiarity of each forum with the law, and court congestion and time to trial—are neutral. Both parties are equally inconvenienced by the other's choice of forum, each forum has significant experience with federal patent law, and while the time to trial may be shorter in the Northern District of California, as alleged by Defendant, there has been some, albeit preliminary, progress toward trial in the Southern District of California.

In light of the above, the Court finds that the convenience to the witnesses, ease of access to evidence, local interest in the controversy, and the interests of justice outweigh the plaintiff's choice of forum and compel transferring venue of this action to the Northern District of California.

## CONCLUSION

Accordingly, Gameview's Motion to Transfer Venue is **GRANTED**. This action is **TRANSFERRED** to the Northern District of California.

**IT IS SO ORDERED.**

DATED: December , 2012

HON. ROGER T. BENITEZ
United States District Court Judge